IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUSVIN SAMUEL CORDOVA IXTABALAN,<br>        Plaintiff,<br><br>    v.<br><br>JAMAL L. JAMISON, et al.,<br>        Defendants. | :<br>:<br>:<br>:  Civil No.: 2:26-cv-00956<br>:<br>:<br>: |

**ORDER**

**AND NOW**, this   3rd   day of March, 2026, upon consideration of the Petition for Writ of Habeas Corpus (ECF No. 1), the Government's Response in Opposition to Petition for Writ of Habeas Corpus (ECF No. 3), and the Petitioner's Response in Support (ECF No. 5), **IT IS HEREBY ORDERED** that the Petition (ECF No. 1) is **GRANTED**[1] as follows:

---

[1] Mr. Cordova Ixtabalan ("Petitioner") has resided in the United States since he entered without inspection on or around February 15, 2024. *See* Pet. for Habeas Corpus ¶ 1. After entering the United States in February 2024, Petitioner was required to attend regular immigration supervision appointments, at which he appeared. *Id.* at ¶ 4. At his most recent check-in appointment at the Philadelphia Office of U.S. Immigration and Customs Enforcement on February 12, 2026, Petitioner was detained. *Id.* Since that time, he has remained in custody based on the Government's theory that the Immigration and Nationality Act makes his detention mandatory. However, mandatory detention only applies to those "seeking admission," and Petitioner has been living in the United States for approximately two years. For that reason, and for the additional reasons set forth below, the Court grants the Petition (ECF No. 1) and orders Petitioner's immediate release.

Petitioner maintains that his detention is unlawful because the Government has improperly placed him in mandatory detention without bond under § 1225(b)(2), in violation of due process. The Government counters and argues that (1) Mr. Cordova Ixtabalan is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2), and (2) Mr. Cordova Ixtabalan's detention does not offend due process. The overwhelming majority of federal courts, including this Court, have rejected these arguments. *See e.g., Buele Morocho v. Jamison*, No. CV 25-5930 (E.D. Pa. Nov. 26, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 U.S. Dist. LEXIS 226877 (E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025). The Government further asserts that Petitioner is "seeking admission" and is thus covered by § 1225(b)(2). Under *Wisconsin Central. Ltd. v. United States*, 585 U.S. 274, 277 (2018), statutory terms must be interpreted according to their ordinary meaning at the time of enactment. The terms of §

1. Mr. Cordova Ixtabalan is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2. The Government shall **RELEASE** Mr. Cordova Ixtabalan from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than 5:00 p.m. ET on March 4, 2026;

3. If the Government chooses to pursue re-detention of Mr. Cordova Ixtabalan pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.; and

4. The Clerk of Court is **DIRECTED** to **CLOSE** this case.[2]

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

1225(b)(2) support limiting the provision to noncitizens just arriving to the United States or those that have recently arrived. *Ndiaye v. Jamison*, 2025 WL 3229307, at *5 (E.D. Pa. Nov. 19, 2025). As Judge Sánchez explained, "seeking admission" is an "affirmative, present-tense" phrase that implies affirmative conduct by a noncitizen. *Id.* This interpretation is incompatible with applying the term to all noncitizens already living in the United States. *See id. See also Kashranov v. Jamison*, 2025 WL 3188399, at *1 (E.D. Pa. Nov. 14, 2025).

The Government relies on *Buenrostro-Mendez v. Bondi*, F.4th, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026), where the majority equated "applicant for admission" with "seeking admission" and adopted the Government's reading of § 1225(b)(2). This Court declines to follow that reasoning. Instead, it aligns with the extensive body of decisions nationwide and with Judge Douglas' dissent in *Buenrostro-Mendez*, which criticized the majority for distorting the statutory text, ignoring context and history, and disregarding the Supreme Court's understanding of the statutory scheme. *Ndiaye*, 2025 WL 3229307, at *4-8; *Singh v. Baltazar*, 2026 WL 352870, at *4-6 (D. Colo. Feb. 9, 2026); *Castañon-Nava*, 161 F.4th at 1062; *Buenrostro-Mendez*, 2026 WL 323330, at *10-18 (Douglas, J., dissenting).

The Court concludes that Mr. Cordova Ixtabalan's mandatory detention without the opportunity for a bail hearing is unlawful. Accordingly, the Petition for Writ of Habeas Corpus is **GRANTED**.

[2] The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.